## HUDSON v. J. C. PENNY CO.
### No. 5436.

Court of Appeal of Louisiana.
Second Circuit.

April 30, 1937.

M. C. Redmond, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

TALIAFERRO, Judge.

Plaintiff, after spending half an hour on the mezzanine floor of defendant's store in the city of Monroe, La., made her way through the crowd of patrons there gathered toward the head of the stairway leading to the ground floor. When in the act of beginning the descent, for some cause not clearly disclosed by the record, she lost her balance and fell headlong down the stairs, eleven steps, to a landing. She was badly shocked and suffered several bruises and abrasions, but escaped with no broken bones. The services of a physician for several days were necessary to alleviate her pains, etc. She sues defendant for damages.

The gravamen of plaintiff's complaint is that she inadvertently hung one of her feet in the worn grass carpet runner at the head of the stairway and fell; that this runner was defective, had holes in it and constituted a trap and a hazard to defendant's customers; and that it was gross negligence for defendant to allow its use while in such condition.

Defendant joined issue by generally denying each and every charge of negligence directed against it by plaintiff, as a cause or contributing cause of her falling, and affirmatively alleges that its balcony and stairway and covering thereon were in perfect condition, well lighted and safe for its customers and others using them; and that plaintiff's fall was due to no fault or negligence on its part, but, on the contrary, was due solely to her own carelessness and negligence.

The lower court rejected plaintiff's demand, and she has appealed.

The issue in this case is purely one of fact. Several witnesses gave testimony for each side. A studious consideration of all the testimony adduced leaves us thoroughly convinced that plaintiff is in error as to the cause of her falling down the stairway. It is conclusively established that there was no runner at all on the stairs, as alleged by plaintiff and testified to by her and some of her witnesses. Each step was 72 inches long. Each was covered by a heavy rubberized tread, 48 inches long. One of these treads covered the top step which was flush with the mezzanine floor. These treads are attached to the wood by glue and large-headed tacks. All were in first-class condition the day plaintiff fell. She testified that she moved to her right, at the stairway, to allow several customers thereon to gain the balcony floor, and it was at this time and under these conditions that she stepped into a hole in the "rug" up to her ankle. Strange as it may seem, not

one of these several patrons appeared as a witness for her. Some of them must have seen her fall. She also testified that a few days subsequent to the accident, she returned to defendant's establishment and viewed the stairway. She admits that the steps were all then covered with the rubberized treads and were held down by bright brass-headed tacks. The record is replete with dependable evidence that no changes whatsoever in the stairsteps or their covering was made between the date of the accident and this second visit of plaintiff. Her own testimony in material respects conflicts with the sworn allegations of her petition, and both are widely at variance with the true facts as we find them to have existed at the time. In addition to this, immediately after the accident, she made some spontaneous declarations to the effect that she stumbled or her foot turned, and she fell. We feel quite sure that is what really happened. The place was crowded with customers and in the effort to reach the head of the stairway she lost her balance for some cause, other than as she alleges, and the fall was the result.

The case as a whole is clearly with defendant and the judgment appealed from is affirmed.